PETER BISSO ET UX. v. BERTHA CASPER.

Delivered May 23, 1897.

**Limitation—Ten Years' Statute—Claim Under Deed.**

Where. in trespass to try title, the defendants, holding under a deed which they be-
lieve to embrace the land in controversy, plead the statute of limitation of ten years,
the question is not whether their claim to the land was based upon their belief that
the deed covered it, but whether they claimed the land as their own, adverse to plain-
tiff and all other parties.

APPEAL from Navarro.   Tried below before Hon. RUFUS HARDY.

*Simkins & Mays*, for appellants.

[No brief for appellee reached the Reporter.]

FINLEY, ASSOCIATE JUSTICE.—This is a boundary suit brought by
the appellee Bertha Casper against appellants in the District Court of
Navarro County, Texas, the plaintiff therein claiming from defendants
a strip of land two feet wide by one hundred and thirty feet long, ad-
joining on the south side of plaintiff's lot.   The petition of plaintiff
was in the usual form of trespass to try title.

The defendants pleaded general denial, not guilty, and the statute of
limitations of three, five and ten years.   The case was tried before the
court without the intervention of a jury, and resulted in a judgment for
the plaintiff for a strip of land 1 3/10 feet wide by 130 feet long.   From
this judgment the defendants have appealed.

The judge trying the case filed conclusions of fact and law, which
were duly excepted to by appellants.   The evidence upon the trial estab-
lished without dispute that the land recovered was enclosed within the
yard fence of appellants, and that it had been continuously so enclosed
for more than ten years.   The evidence further shows conclusively, that
the defendants bought the property in that condition more than ten
years before the institution of this suit, and that they have always
claimed the property so enclosed as their property, believing that it was
covered by their deed.   The land so enclosed does not exceed the quan-
tity called for in their deed, and they were of the opinion that they did
not have the full quantity called for in the deed within their enclosure.
While they believed that they were claiming only to the extent of the
calls in their deed, they did claim all the land embraced within their
enclosure; and the facts established without dispute upon the trial
clearly show an adverse holding by appellants for more than ten years
next preceding the institution of this suit.

The court below gave judgment for appellee, upon the idea that appel-
lant's deed did not embrace the land in dispute, and that they only
claimed to the extent of their deed.   This view, we think, was clearly
erroneous.   The question was, not whether their claim to the land actu-

ally enclosed was based upon their belief that the deed covered the land, but the question was, whether they claimed the land so enclosed as their own, adverse to appellee and all other persons. The case of Hand v. Swann, 1 Texas Civ. App., 240, involves this question, and Justice Williams in the opinion in that case expresses the views of this court.

The judgment of the court below is reversed, and judgment here rendered for appellants.

*Reversed and rendered.*